# 2023-34415 / Court: 129

CAUSE NO. _____

6/4/2023 9:47 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 76266261
By: Chandra Lawson
Filed: 6/5/2023 12:00 AM

| | | |
|---|---|---|
| **MARVIN FREEDMAN** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **SHELLPOINT MORTGAGE** | § | |
| **SERVICING** | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION, APPLICATION FOR INJUNCTIVE RELIEF, AND REQUEST FOR DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Marvin Freedman, Plaintiff herein, filing this his Original Petition, Application for Injunctive Relief, and Request for Admissions against Shellpoint Mortgage Servicing, Defendant herein, and for causes of action would respectfully show the Court as follows:

### DISCOVERY

1.      Plaintiff intends to conduct discovery under Texas Rules of Civil Procedure 190.3 (Level 2).

### PARTIES

2.      Marvin Freedman is an individual who resides in Harris County, Texas and may be served with process on the undersigned.

3.      Shellpoint Mortgage Servicing is an entity conducts business in Harris County, Texas and may be served with process as follows:

Shellpoint Mortgage Servicing
c/o Corporate Officer
75 Beattie Place, Suite 300
Greenville, SC  29601



## JURISDICTION AND VENUE

5.     The Court has jurisdiction over Shellpoint Mortgage Servicing because this

Defendant conducts business Harris County, Texas.

6.     The Court has jurisdiction over the controversy because the damages are within

the jurisdictional limits of the Court. Venue is mandatory in Harris County, Texas because the

subject matter of the lawsuit involves real property which is located in Harris County, Texas.

Further, all or a substantial part of the events or omissions giving rise to Plaintiff's causes of

action against Defendant occurred in Harris County, Texas thus venue is proper under

§15.002(a)(1) of the Texas Civil Practice and Remedies Code.

## RELEVANT FACTS

4.     The subject matter of the lawsuit is the real property and the improvements thereon

located at 15019 Cozy Hollow Ln. Houston TX 77044 (the "Property")  with the following legal
description:

**LOT TWENTY-SEVEN (27), IN BLOCK ONE (1), OF LAKE FOREST VILLAGE, SEC. 3, A SUBDIVISION
IN HARRIS COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT THEREOF RECORDED UNDER
FILM CODE NO. 543002 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.**

5.     Marvin Freedman ("Freedman") purchased the Property on or about Feburary 03,

2006. During the process of purchasing the Property, Freedman executed a Note as well as

a Deed of Trust in which Priority Home Mortgage, L.P. is listed as the Lender.

6.     Upon information and belief, the Deed of Trust was subsequently transferred to

U.S. Bank, N.A. ("U.S. Bank"), for which Shellpoint Mortgage Servicing ("Shellpoint") acts as

the loan servicer, under assignment, but the original Deed of Trust was not assigned properly.

7.     The alleged assignment of the Deed of Trust does not meet the requisites of a valid

assignment and, therefore, the chain of title is broken from the original lender.

8.      Freedman consistently made his mortgage payments in a timely manner; however, he began to have financial difficulties due to COVID related issues. Realizing that he may soon become in default on his mortgage payments, Freedman reached out to Shellpoint to obtain loss mitigation options via federal COVID relief options under the CARES ACT. Unfortunately, Shellpoint did not offer Freedman any options.

9.      Accordingly, Freedman began researching other options including, but not limited to, selling his Property. Unfortunately, Freedman was not able to sell his home right away; however, he has now obtained several offers of which he expects to accept one of them very shortly. Freedman has requested an up-to-date payoff but he has not received one yet.

10.     Freedman maintained his efforts to sell the Property; however, in May 2023, he began to receive a barrage of mail and phone calls from investors wishing to purchase his Property to prevent the coming foreclosure sale scheduled for June 6, 2023. Apparently, Shellpoint posted Freedman's Property for foreclosure sale without sending him proper and timely notice of default, an opportunity to cure the default, notice of intent to accelerate, notice of acceleration, and notice of foreclosure sale as required by the Texas Property Code thereby violating Freedman's due process rights as well as the Deed of Trust.

11.     Further, Plaintiff is informed and believes, and thereon alleges, that in order to conduct a foreclosure action, a person or entity must have standing under the deed of trust and statute. Plaintiff is informed and believes, and thereon alleges, that in order to assign a deed of trust, some person or entity must rightfully hold the note that the deed of trust secures payment on; an assignment of the mortgage note carries the deed of trust with it, while an assignment of the deed of trust alone is a nullity.

12.     Shellpoint cannot produce any evidence that the Freedman's mortgage note has ever been transferred to them. Any attempt to transfer the beneficial interest of a deed of trust without actual ownership of the underlying mortgage note is void under the law. Therefore, Shellpoint

cannot establish that is entitled to assert a claim in this case such that the assignment to Shellpoint was effective at all. As such, Shellpoint does not have standing to foreclosure on the Property.

13.     Accordingly, Plaintiff alleges that Shellpoint is attempting to wrongfully sell his Property at a foreclosure sale on June 6, 2023 in violation of the Deed of Trust, Texas Property Code, and Plaintiff's due process rights.

## CLAIMS

### AGENCY & RESPONDEAT SUPERIOR

14.     Wherever it is alleged that Defendant did anything, or failed to do anything, it is meant that such conduct was done by Defendant's employees, vice principals, agents, attorneys, and/or affiliated entities, in the normal or routine scope of their authority, or ratified by Defendant, or done with such apparent authority so as to cause Plaintiff to reasonably rely that such conduct was within the scope of their authority. Plaintiff did rely to Plaintiff's detriment on Defendant's representatives being vested with authority for their conduct. Defendant is vicariously liable for the conduct of their employees, vice principals, agents, attorneys, affiliated entities, and representatives of Defendant's affiliated entities by virtue of respondeat superior, apparent authority, and estoppel doctrines.

### FIRST CAUSE OF ACTION:
### DECLARATORY JUDGMENT

15.     To the extent not inconsistent herewith, Marvin Freedman ("Freedman") incorporates by reference the allegations made in paragraphs 1 through 13 as if set forth fully herein.

16.     Plaintiffs made, presented, or used the assignment associated with the mortgage loan with knowledge that the documents or other records are fraudulent court records or fraudulent liens or claims against the real property. Additionally, Defendant falsely and

fraudulently prepared documents required for Defendant to foreclose as a calculated and fraudulent business practice.

17.     Therefore, Plaintiff seeks a determination of the rights of the parties pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 37.001 (West).  An actual controversy has arisen and now exists between Plaintiff and Defendant regarding their respective rights and duties, in that Plaintiff contends that Defendant did not have the right to foreclose on the Property because Defendant has failed to perfect any security interest in the mortgage note as a real party in interest.  Thus, the purported power to foreclose, or even to collect monetarily on the note, does not now apply.

18.     Plaintiff seeks a determination that Defendant is liable for having failed to properly record all releases, transfers, assignments or other actions relating to instruments Defendant filed or caused to be filed, registered or recorded in the deed of records of Texas in the same manner as the original instrument was required to filed, registered or recorded.

19.      Plaintiff seeks a determination that the power of sale in the Deed of Trust has no force and effect at this time as to Defendant because Defendant's actions in processing, handling, and foreclosure of this loan involved fraudulent, false, deceptive and/or misleading practices including, but not limited to, violations of Texas laws meant to protect the property records and property owner's/mortgage borrowers.

20.     Plaintiff seeks a determination that because Defendant does not have standing to initiate foreclosure of the property, that any and all notices sent by Defendant regarding default or foreclosure be declared invalid.

21.     Plaintiff seeks a declaratory judgment for quiet title, thereby voiding all documents on file indicating any interest of Defendant in the Property pursuant to the Deed of Trust,

subsequent assignment thereof, appointment of substitute trustee documents and voiding any interest in the name of Defendant in the Property. Furthermore, Plaintiff is entitled to peaceful and quiet possession of the Property against Defendant now and forever.

**SECOND CAUSE OF ACTION:**
**BREACH OF CONTRACT**

22.     To the extent not inconsistent herewith, Marvin Freedman ("Freedman") incorporates by reference the allegations made in paragraphs 1 through 14 as if set forth fully herein.

23.     The actions committed by Shellpoint Mortgage Servicing ("Shellpoint") constitute breach of contract because:

A.     There exists a valid, enforceable contract between Freedman and Shellpoint;

B.     Freedman has standing to sue for breach of contract;

C.     Freedman performed, tendered performance, or was excused from performing his contractual obligations;

D.     Shellpoint breached the contract; and

E.     The breach of contract by Shellpoint caused Freedman's injury.

**THIRD CAUSE OF ACTION:**
**VIOLATION OF TEXAS PROPERTY CODE §5.065**

24.     To the extent not inconsistent herewith, Marvin Freedman ("Freedman") incorporates by reference the allegations made in paragraphs 1 through 14 as if set forth fully herein.

25.     Pursuant to the provisions of the Texas Property Code, the holder of a note must ordinarily give notice to the maker of the holder's intent to accelerate the time for payment as well as notice of acceleration. If the mortgagee intends to accelerate the maturity of the debt, the

notice must unequivocally inform the mortgagor of the mortgagee's intention. A proper notice of default must give the borrower notice that the alleged delinquency must be cured; otherwise, the loan will be accelerated and the property will go to foreclosure. Prior to a foreclosure action, the noteholder is also required to give the home owners clear and unequivocal acceleration notice. Effective acceleration requires two acts: notice of intent to accelerate and notice of acceleration.

26.     The actions committed by Shellpoint Mortgage Servicing ("Shellpoint") constitute violations of the Texas Property Code §5.065 because Shellpoint never sent proper and timely notice of default, the opportunity to cure the default, notice of intent to accelerate the debt, notice of acceleration, and notice of foreclosure sale which are required in order for Shellpoint to foreclose on their lien rights to the Property.

**DAMAGES:**
**<ins>ACTUAL DAMAGES</ins>**

27.     Plaintiff is entitled to recover his actual damages from Defendant for which Plaintiff pleads in an amount which does not exceed the jurisdictional limits of this Court.

**<ins>EXEMPLARY DAMAGES</ins>**

28.     Plaintiff is entitled to recover his exemplary damages from Defendant for which Plaintiff pleads in an amount which does not exceed the jurisdictional limits of this Court.

## CONDITIONS PRECEDENT

29.     All conditions precedent to the Plaintiff's right to bring these causes of action have been performed, have occurred, or have been waived.

## REQUEST FOR DISCLOSURES

30.     Defendant is hereby requested to disclose to Plaintiff, within 50 days of service of this request, the information and material described in Rule 194 of the Texas Rules of Civil Procedure.

## APPLICATION FOR TEMPORARY RESTRAINING ORDER

31.     To the extent not inconsistent herewith, Plaintiff incorporates by reference the allegations made in paragraph 1 through paragraph 29 as if set forth fully herein.

32.     Unless Defendant is enjoined, Plaintiff will suffer probable harm which is imminent and irreparable. More specifically, if not enjoined, Defendant may sell the Property at any time during the pendency of this matter thus depriving Plaintiff of ownership of the Property and potentially causing Plaintiff to be dispossessed of the Property. Defendant has posted Plaintiff's Property at a foreclosure sale on June 6, 2023.  Plaintiff has no adequate remedy at law because the subject matter is real property, and any legal remedy of which Plaintiff may avail himself will not give him as complete, equal, adequate, and final a remedy as the injunctive relief sought in this Application.

33.     Therefore, Plaintiff requests that this Court issue a Temporary Restraining Order and, thereafter, a Temporary Injunction, to restrain Defendant from taking any further foreclosure action to sell the Property (including, but not limited to, sending notices of default, acceleration, and foreclosure sale) which is the subject matter of this lawsuit and is commonly known as 15019 Cozy Hollow Lane, Houston, TX 77044 at foreclosure sale.

34.     Plaintiff further requests that, upon trial on the merits, Defendant be permanently enjoined from the same acts listed in Paragraph 33 above.

35.     Plaintiff is likely to prevail on the merits of the lawsuit as described above.

36.     The granting of the relief requested is not inconsistent with public policy considerations.

## **BOND**

37.     Plaintiff is willing to post a reasonable temporary restraining order bond and requests that the Court set such bond

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that:

A.     Defendant be cited to appear and answer herein;

B.     The Court conduct a hearing on Plaintiff's Application for Injunctive Relief;

C.     A temporary restraining order be issued restraining Defendant, their agents, employees, and legal counsel, and those acting in concert or participation with Defendant who receive actual notice of the Order, by personal service or otherwise, from taking any further foreclosure action to sell the Property (including, but not limited to, sending notices of default, acceleration, and foreclosure sale) which is the subject matter of this lawsuit and is commonly known as 15019 Cozy Hollow Ln. Houston TX 77044 at a foreclosure sale;

D.     A Permanent Injunction be entered enjoining Defendant from the same acts listed in Paragraph C above; and

E.      Upon final hearing or trial hereof, the Court order a judgment in favor of Plaintiff

against Defendant for his actual damages, exemplary damages, all costs of

court, and such other and further relief, both general and special, at law or in equity,

to which Plaintiff may be entitled.


                                    Respectfully Submitted by,

                                         **MARVIN FREEDMAN**


                       By:    */s/ Marvin Freedman*
                              **MARVIN FREEDMAN**
                              14237 E Sam Houston Pkwy N
                              200-182
                              Houston, TX  77044
                              Telephone: 409-370-6722
                              Email: mfreed420@aol.com

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 76266261
Filing Code Description: Petition
Filing Description: PETITION, APPLICATION FOR INJUNCTIVE RELIEF
Status as of 6/5/2023 8:38 AM CST

Associated Case Party: Marvin Freedman

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Marvin Freedman | | mfreed420@aol.com | 6/4/2023 9:47:00 PM | SENT |

6/4/2023 9:47:00 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 76266261
By: LAWSON, CHANDRA K
Filed: 6/5/2023 12:00:00 AM

# 2023-34415 / Court: 129
## CIVIL PROCESS REQUEST FORM

<u>FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING</u>
<u>FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED</u>

**CASE NUMBER:** _____  **CURRENT COURT:** _____

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types):   **PETITION**

**FILE DATE OF MOTION:** _____ JUNE   04 2023 _____
                                                  Month/   Day/   Year
**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

1.  NAME:  **SHELLPOINT MORTGAGE SERVICING**

     ADDRESS: **75 BEATTIE PLACE, SUITE 300    GREENVILLE, SC  29601**

     AGENT, (*if applicable*): **C/O CT CORPORATION SERVICES COMPANY**

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*):  **CITATION**

**SERVICE BY** (*check one*):
     ☐ **ATTORNEY PICK-UP**              ☐ **CONSTABLE**

     ☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-UP: <u>Courthouse Connection</u>   Phone: _____
     ☐ **MAIL**                          ☐ **CERTIFIED MAIL**
     ☐ **PUBLICATION:**
         Type of Publication:        ☐ **COURTHOUSE DOOR,  or**
                                     ☐ **NEWSPAPER OF YOUR CHOICE:** _____
     ☒ **OTHER**, *explain*:  **EMAIL**

2.  NAME: _____

     ADDRESS: _____

     AGENT, (*if applicable*): _____


**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): _____

**SERVICE BY** (*check one*):
     ☐ **ATTORNEY PICK-UP**              ☐ **CONSTABLE**

     ☐ **CIVIL PROCESS SERVER** -  Authorized Person to Pick-up: _____   Phone: _____
     ☐ **MAIL**                          ☐ **CERTIFIED MAIL**
     ☐ **PUBLICATION:**
         Type of Publication:   ☐ **COURTHOUSE DOOR,  or**
                                ☐ **NEWSPAPER OF YOUR CHOICE:** _____
     ☐ **OTHER**, *explain* _____

**REQUESTING SERVICE:**
NAME:  **MARVIN FREEDMAN**

MAILING ADDRESS: **14237 E SAM HOUSTON PKWY N 200-182   HOUSTON TX 77044**

PHONE NUMBER:      **409      370-6722**                    FAX NUMBER: _____    _____
                    area code   phone number                            area code     fax number

EMAIL ADDRESS: <u>mfreed420@aol.com</u>

Page 1 of 2

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION.  FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE. SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

ORIGINAL PETITION
_____   AMENDED PETITION
_____   SUPPLEMENTAL PETITION

COUNTERCLAIM
_____   AMENDED COUNTERCLAIM
_____   SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____   AMENDED CROSS-ACTION
_____   SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____   AMENDED THIRD-PARTY PETITION
_____   SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____   AMENDED INTERVENTION
_____   SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____   AMENDED INTERPLEADER
_____   SUPPLEMENTAL INTERPLEADER

INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER

BILL OF DISCOVERY:

ORDER TO: _____
(specify)

MOTION TO: _____
(specify)

PROCESS TYPES:

NON WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)

SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

6/4/2023 9:47:00 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 76266261
By: LAWSON, CHANDRA K
Filed: 6/5/2023 12:00:00 AM

# 2023-34415 / Court: 129

CAUSE NO. _____

| | | |
|---|---|---|
| MARVIN B FREEDMAN | § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| SHELLPOINT MORTGAGE | § | |
| SERVICING | § | _____ JUDICIAL DISTRICT |

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

**KNOW ALL THESE BY MEN PRESENTS**

## DECLARATION/VERIFICATION OF MARVIN FREEDMAN

1.    "My name is Marvin Freedman I am the plaintiff in the above-captioned lawsuit.
I have read the Plaintiffs Original Petition Application for Injunctive Relief, and Request for
Disclosures to which this declaration relates and offer this Declaration in support of the
statements and arguments asserted herein. I have personal knowledge of the facts and state
that every factual statement made is true and correct I've never been convicted of a felony or
other crime involving moral turpitude.

The foregoing is sworn to by penalty of perjury.

My name is Marvin Freedman, my date of birth is 10/03/77 and my address is: 15019
Cozy Hollow Ln., Houston TX 77044.

I declare under penalty of perjury that the foregoing information is true and correct."

Executed in Harris County of Texas, on the  4th  day of June 2023.

_____
Marvin Freedman

6/4/2023 9:47:00 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 76266261
By: LAWSON, CHANDRA K
Filed: 6/5/2023 12:00:00 AM

# 2023-34415 / Court: 129

## CAUSE NO. _____

| | | |
|---|---|---|
| MARVIN B FREEDMAN | § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| SHELLPOINT MORTGAGE | § | |
| SERVICING | § | _____ JUDICIAL DISTRICT |

## TEMPORARY RESTRAINING ORDER

ON THIS DATE the Plaintiff's Application for Temporary Restraining Order that was incorporated into and pled in Plaintiff's Original Petition, Application for Injunctive Relief, and Request for Disclosures ("Petition") in this cause, was heard and considered before this Court.

Based upon the pleadings, exhibits, records, and documents filed by Plaintiff and presented to the Court, as well as the arguments at the hearing, IT CLEARLY APPEARS THAT:

A. Unless Shellpoint Mortgage Servicing ("Defendant"), their agents, employees, directors, shareholders, and legal counsel is/are immediately enjoined and restrained, Defendant may sell the Property at any time during the pendency of this matter thus depriving Plaintiff of ownership of the Property identified and described in the Petition and potentially causing Plaintiff to be dispossessed of the Property. Plaintiff will suffer an immediate and irreparable harm and will have no adequate remedies under the law and Defendant may commit the foregoing before notice and hearing on Plaintiff's Application for Temporary Injunction.

B.   Plaintiff will suffer an irreparable harm if Defendant, their agents, employees, directors, shareholders, and legal counsel are not restrained immediately because Defendant has posted Plaintiff's property for the June 6, 2023 foreclosure sale, which is real property and Plaintiff's homestead, which is unique and irreplaceable, and there is no adequate remedy at law to grant Plaintiff complete, final, and equitable relief.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant, their agents, employees, directors, shareholders, and legal counsel are hereby ORDERED to immediately cease and desist from taking any further action in pursuit of foreclosing on the Property (including, but not limited to, sending notices of default, acceleration, and foreclosure sale) which is the subject matter of this lawsuit and is commonly known as 15019 Cozy Hollow. Defendant, their agents, employees, directors, shareholders, and legal counsel are hereby immediately enjoined and restrained from the date of entry of this Order until fourteen (14) days hereafter, or until further ordered by this Court.

**IT IS FURTHER THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Application for Temporary Injunction be heard on the _____ day of June, 2023 starting at _____ a.m./p.m. in the courtroom of the _____ District Court of Harris County located at in the Harris County Courthouse, 201 Caroline Street, Houston, Texas 77002 and that Defendant is commanded to appear at that time and show cause, if any, why a temporary injunction should not be issued against Defendant.

The Clerk of the above-entitled court shall issue a notice of entry of a temporary restraining order in conformity with the law and the terms of this Order, to include a copy of this Order, upon the filing by Plaintiff of the bond hereinafter set.

This Order shall not be effective until Plaintiff deposits with the Harris County District Clerk, a bond in the amount of $_____, in due conformity with applicable law.  The bond may be in the form of cash, cashier's check, or a check..

SIGNED and ENTERED this the _____day of June, 2023 at _____ a.m./p.m.


_____
JUDGE PRESIDING

6/4/2023 9:47:00 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 76266261
By: LAWSON, CHANDRA K
Filed: 6/5/2023 12:00:00 AM

2023-34415 / Court: 129

Pgs-3

TRORX
STBNX
CASO

CAUSE NO. _____

| | | |
|---|---|---|
| **MARVIN B FREEDMAN** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **SHELLPOINT MORTGAGE** | § | |
| **SERVICING** | § | **_____ JUDICIAL DISTRICT** |

**TEMPORARY RESTRAINING ORDER**

ON THIS DATE the Plaintiff's Application for Temporary Restraining Order that was incorporated into and pled in Plaintiff's Original Petition, Application for Injunctive Relief, and Request for Disclosures ("Petition") in this cause, was heard and considered before this Court.

Based upon the pleadings, exhibits, records, and documents filed by Plaintiff and presented to the Court, as well as the arguments at the hearing, IT CLEARLY APPEARS THAT:

A.   Unless Shellpoint Mortgage Servicing ("Defendant"), their agents, employees, directors, shareholders, and legal counsel is/are immediately enjoined and restrained, Defendant may sell the Property at any time during the pendency of this matter thus depriving Plaintiff of ownership of the Property identified and described in the Petition and potentially causing Plaintiff to be dispossessed of the Property. Plaintiff will suffer an immediate and irreparable harm and will have no adequate remedies under the law and Defendant may commit the foregoing before notice and hearing on Plaintiff's Application for Temporary Injunction.

B.     Plaintiff will suffer an irreparable harm if Defendant, their agents, employees, directors, shareholders, and legal counsel are not restrained immediately because Defendant has posted Plaintiff's property for the June 6, 2023 foreclosure sale, which is real property and Plaintiff's homestead, which is unique and irreplaceable, and there is no adequate remedy at law to grant Plaintiff complete, final, and equitable relief.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant, their agents, employees, directors, shareholders, and legal counsel are hereby ORDERED to immediately cease and desist from taking any further action in pursuit of foreclosing on the Property (including, but not limited to, sending notices of default, acceleration, and foreclosure sale) which is the subject matter of this lawsuit and is commonly known as 15019 Cozy Hollow. Defendant, their agents, employees, directors, shareholders, and legal counsel are hereby immediately enjoined and restrained from the date of entry of this Order until fourteen (14) days hereafter, or until further ordered by this Court.

**IT IS FURTHER THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Application for Temporary Injunction be heard on the 15th day of June, 2023 starting at 1:30 a.m./p.m. in the courtroom of the 129th   District Court of Harris County located at in the Harris County Courthouse, 201 Caroline Street, Houston, Texas 77002 and that Defendant is commanded to appear at that time and show cause, if any, why a temporary injunction should not be issued against Defendant.

The Clerk of the above-entitled court shall issue a notice of entry of a temporary restraining order in conformity with the law and the terms of this Order, to include a copy of this Order, upon the filing by Plaintiff of the bond hereinafter set.

This Order shall not be effective until Plaintiff deposits with the Harris County District Clerk, a bond in the amount of $ 100.00          , in due conformity with applicable law. ~~The bond may be in the form of cash, cashier's check, or a check.~~

SIGNED and ENTERED this the _____ day of June, 2023 at _____ a.m./p.m.

Signed:
6/5/2023
3:41 PM
_____
JUDGE PRESIDING

CAUSE NUMBER _20·23·-344/5_

_Marvin B Freedman_

PETITIONER

§

§

§

VS.

_Shellpoint Mortgage Servicing_

RESPONDENT

IN THE DISTRICT COURT OF

HARRIS COUNTY, TEXAS

_129_ JUDICIAL DISTRICT

## CLERK'S CERTIFICATE OF CASH DEPOSIT IN LIEU
## OF INJUNCTION BOND PER ORDER OF THE COURT

THE STATE OF TEXAS §
COUNTY OF HARRIS  §

THIS DOCUMENT IS TO CERTIFY that I, the undersigned Clerk of the District Courts of Harris County, Texas have received a cash deposit, as ordered by the Court, in the amount of _one hundred   (100)_ Dollars ($ _100_ ), to be deposited with the Registry of the Court in lieu of a **Temporary Restraining Order Bond** or a **Temporary Injunction Bond**, as required by Rule 684, T.R.C.P, in the above styled and numbered cause as provided by the order entered on the _5_ day of _June_, 20_23_.

This cash deposit is made and received in lieu of **TEMPORARY RESTRAINING ORDER** or a **TEMPORARY INJUCTION**, conditioned that the applicant will abide the decision which may be made in the cause, and that he will pay all sums of money and costs that may be adjudged against him if the restraining order or temporary injunction shall be dissolved in whole or in part, and this certificate is issued to have the force and effect of a **TEMPORARY RESTRAINING ORDER BOND** or a **TEMPORARY INJUCTION BOND** in accordance with the Order of the Court.

WITNESS my hand and seal of office this _5th_ day of _June_ A.D., 20_23_.

**FILED**
Marilyn Burgess
District Clerk

JUN 05 2023

Time: _4:00 Pm_
Harris County, Texas
By _B Denmon_
Deputy

Marilyn Burgess, District Clerk
Harris County, Texas
PO BOX 4651
Houston, Texas 77210-4651

By: _____
Deputy District Clerk

Principal: _Marvin Freedman_

Attorney: _____

Bar Number: _____

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging.

S:\FormsLib\Civil Bureau\Civ Fam Intake & Customer Svc\Famintake\Post Bond

Created 3/2/04

CAUSE NO. 2023-34415

| | | |
|---|---|---|
| **MARVIN FREEDMAN** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **129th JUDICIAL DISTRICT** |
| | § | |
| **SHELLPOINT MORTGAGE** | § | |
| **SERVICING** | § | |
| | § | |
| | § | |
| *Defendants.* | § | **OF HARRIS COUNTY, TEXAS** |

## DEFENDANT'S ORIGINAL ANSWER

Comes now, Shellpoint Mortgage Servicing ("Defendant") and files its Original Answer to Plaintiffs' Original Petition and would show the Court as follows:

## I.  GENERAL DENIAL

1.      As allowed by Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies the allegations made in Plaintiffs' Original Petition and demand strict proof thereof.

## III.  Prayer

WHEREFORE, PREMISES CONSIDERED, Shellpoint Mortgage Servicing prays that Plaintiffs' Original Petition be dismissed, and that Plaintiffs takes nothing by way of their claims. Defendant further requests that judgment be granted in its favor with respect to all claims asserted by Plaintiffs, and for all further and other relief, whether at law or in equity, to which Defendant may be justly entitled.

Respectfully Submitted,
**CODILIS & MOODY, P.C.**

*/s/ Danya F. Gladney*
Kelly M. Doherty SBOT 24118059
Danya F. Gladney SBOT 24059786
Nicole M. Bartee SBOT 24001674
Aaron J. Demuth SBOT 24111076
20405 State Highway 249, Ste 170
Houston, Texas 77070
Telephone: (281) 925-5200
Email: danya.gladney@tx.cslegal.com
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

Pursuant to Texas Rules of Civil Procedure, I certify that a true and correct copy of the foregoing has been sent on this the 15th day of June, 2023 to all parties of record the method indicated below.

**Via E-SERVICE:**

Marvin Freedman
14237 E Sam Houston Pkwy N
200-182
Houston, TX 77044
Mfreed420@aol.com

**PRO SE PLAINTIFF**

*/s/ Danya F. Gladney*
Danya F. Gladney